Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda
Suite 425
San Jose, CA 95126
(408) 369-0800
pgore@prattattorneys.com

*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH PARK AND CAROLYN OTTO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELCH FOODS, INC,<br><br>Defendant. | Case No. CV12-06449 PSG<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, MOTION FOR A MORE DEFINITE STATEMENT OR, IN THE ALTERNATIVE, MOTION TO STRIKE AS TO THE SECOND AMENDED COMPLAINT**<br><br>Hearing Date: July 30 , 2013<br>Time: 10:00 a.m.<br>Judge: Hon. Paul S. Grewal<br>Action Filed: December 20, 2012 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

STATEMENT OF THE ISSUES TO BE DECIDED ............................................................... v

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 1

FACTUAL INTRODUCTION AND SUMMARY OF ARGUMENT ..................................... 1

ARGUMENT .............................................................................................................................. 3

    A.    Standard of Review ........................................................................................... 3

    B.    The SAC Satisfies the Particularity Requirements of Rule 9(b) ............................ 3

        1.    Rule 9(b) Does Not Apply to Plaintiffs' First Cause of Action, the UCL Unlawful Claim ................................................................... 3

        2.    Plaintiffs Have Met All of the *Kearns* Factors for Particularity in the Pleadings ................................................................................ 4

        3.    Plaintiffs Have Properly Pleaded Reasonable and Specific Reliance .......... 5

    C.    Defendant Can Not Meet the Rule 12(e) Standard for a More Definite Statement ........................................................................................................... 5

    D.    Defendant's Motion to Strike Must Be Denied ........................................................ 6

    E.    FDA Warning Letters and Advisory Opinions in the Complaint are Relevant to Plaintiffs Claims ................................................................................. 7

    F.    Identical Violations of Based Upon Identical Unlawful Language in the Same Product Line Should Not Be Stricken ............................................................ 8

    G.    Plaintiffs' Claim for Restitution Based Upon Quasi-Contract/Unjust Enrichment Is a Valid Claim that May Not be Duplicative at the End of the Litigation ........................................................................................................... 11

CONCLUSION .......................................................................................................................... 12

# TABLE OF AUTHORITIES

**<u>Cases</u>**

*Adam v. Silicon Valley Bancshares*,
    1994 U.S. Dist. LEXIS 21717 (N.D. Cal. 1994) .................................................................. 10

*AFCM, Inc. v. Elite Global Farming and Logistics, Inc.*,
    2012 WL 1309168 (N.D. Cal. April 16, 2012) .................................................................. 11

*Appalachian Power Co. v. E.P.A.*,
    208 F.3d 1015 (D.C. Cir. 2000) ........................................................................................... 8

*Ashcroft v. Iqbal*,
    129 S.Ct. 1937 (2009) ........................................................................................................... 3

*Astiana v. Ben & Jerry's Homemade, Inc.*,
    2011 WL 2111796 (N.D. Cal. May 26, 2011) .................................................................... 2

*Astiana v. Dreyer's Grand Ice Cream, Inc.*,
    2012 WL 2990766 (N.D. Cal. July 20, 2012) ............................................................... 8, 9

*Auer v. Robbins*,
    519 U.S. 452 (1997) ............................................................................................................... 7

*Bassiri v. Xerox Corp.*,
    463 F.3d 927 (9th Cir. 2006) ............................................................................................... 7

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................... 3

*Brazil v. Dell, Inc.*,
    2008 U.S. Dist. LEXIS 95348 (N.D. Cal. 2008) ............................................................. 10

*Colucci v. Zoneperfect Nutrition Co.*,
    2012 WL 6737800 (N.D. Cal. Dec. 28, 2012) ................................................................ 12

*Donohue v. Apple, Inc.*,
    871 F. Supp. 2d 913 (N.D. Cal. 2012) ......................................................................... 9, 10

*Griffin v. Cedar Fair, L.P.*,
    817 F. Supp. 2d 1152 (N.D. Cal. 2011) ............................................................................. 6

*Grodzitsky v. Am. Honda Motor Co., Inc.*,
    2013 WL 2631326 (C.D. Cal. June 12, 2013) .................................................................. 3

*In re 2TheMart.com, Inc. Sec Litig.*,
    114 F. Supp. 2d 955 (C.D. Cal. 2000) ............................................................................... 7

*In re Ferrero Litig.*,
    794 F. Supp. 2d 1107 (S.D. Cal. 2011) .............................................................................. 3

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ............................................................................................. 4

*Khasin v. Hershey Co.*,
    2012 WL 5471153 (N.D. Cal. Nov. 9, 2012) ............................................................................ *passim*

*Koh v. S.C. Johnson & Son, Inc.*,
    2010 WL 94265 (N.D. Cal. Jan.6, 2010) ........................................................................................ 9

*Kosta v. Del Monte Corp.*,
    2013 WL 2147413 (N.D. Cal. May 15, 2013) ........................................................................ 2, 4, 9

*Lanovaz v. Twinings N. Am., Inc.*,
    2013 WL 2285221 (N.D. Cal. May 23, 2013) .............................................................................. 8

*LeDuc v. Ky. Cent. Life Ins. Co.*,
    814 F. Supp. 820 (N.D. Cal. 1992) ................................................................................................ 6

*Miller v. Ghirardelli Chocolate Co.*,
    2012 WL 6096593 (N.D. Cal. Dec.7, 2012) .................................................................................. 8

*Nordberg v. Trilegiant Corp.*,
    445 F. Supp. 2d 1082 (N.D. Cal. 2006) ....................................................................................... 11

*Public Lands for the People, Inc. v. United States Dep't of Agric.*,
    697 F.3d 1192 (9th Cir. 2012) ....................................................................................................... 7

*RDF Media Ltd. v. Fox Broad. Co.*,
    372 F. Supp. 2d 556 (C.D. Cal. 2005) ........................................................................................... 6

*Shin v. BMW of N. Am.*,
    2009 WL 2163509 (C.D. Cal. July 16, 2009) ................................................................................ 3

*U.S. E.E.O.C. v. Alia Corp.*,
    842 F. Supp. 2d 1243 (E.D. Cal. 2012) ......................................................................................... 6

*Vanscoter v. Sullivan*,
    920 F.2d 1441 (9th Cir. 1990) ....................................................................................................... 8

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ....................................................................................................... 3

*Vicuna v. Alexia Foods, Inc.*,
    2012 WL 1497507 (N.D. Cal. April 27, 2012) ......................................................................... 2, 12

*Von Kaenel v. Skinny Girl Cocktails, LLC*,
    2:11-cv-07305, Dkt. 66, Order (C.D. Cal. Mar. 19, 2012) ............................................................. 3

*Wilson v. Frito-Lay N. Am., Inc.*,
    2013 WL 1320468 (N.D. Cal. Apr. 1, 2013) ................................................................................ 10

**<u>Statutes</u>**

21 U.S.C. § 301 .................................................................................................................................... 1

Cal. Bus. & Prof. Code § 17200 .......................................................................................................... 1

Cal. Health & Safety Code § 109875 .................................................................................................. 1

**Regulations**

21 C.F.R. § 101.54 .................................................................................................................. 2

21 C.F.R. § 101.60(c)(2)(v) ..................................................................................................... 2

**Rules**

Fed. R. Civ. P. 8(e)(2) ............................................................................................................ 12

Fed. R. Civ. P. 9(b) ....................................................................................................... 1, 2, 3, 4

# STATEMENT OF THE ISSUES TO BE DECIDED

**Pleading with Particularity:**

1. Are Plaintiffs required to plead their claims with even more particularity than that required by Rule 9(b) and to go beyond the "who, what, when, where, and how of the Defendant's misconduct?

**Restitution and Unjust Enrichment:**

2. Is a claim for "Restitution Based on Unjust Enrichment/Quasi Contract" subject to dismissal for failure to state a claim on the theory that California does not recognize an independent cause of action for unjust enrichment and can such an action survive a motion to dismiss before any duplicative award of restitution is established?

**Striking Averments:**

3. Must a court strike averments in a complaint when there is no doubt the averments are relevant to the claims in the complaint?

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs oppose the Motions to Dismiss, Strike and For a More Definite Statement (Dkt. 17) (hereinafter, collectively, "DMD") by Defendant Welch's Foods, Inc. ("Defendant" or "Welch's").

## FACTUAL INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant essentially makes two arguments: (i) the Second Amended Complaint ("SAC") does not satisfy Rule 9(b) and (ii) the claim for restitution is not allowed under California law. Neither argument has merit and the motions should be denied.

First, Defendant opens its brief with the following incorrect statement: "All of Plaintiffs' claims sound in fraud." DMD, at 2. This is wrong. Plaintiffs' UCL unlawful claim, the first cause of action, does not sound in fraud and does not have to be pleaded with particularity.[1] Plaintiffs' case has two distinct facets, both of which are viable independent of each other. The first is the "UCL unlawful" part. Plaintiffs allege that Defendant packages, labels and markets various "misbranded" food products. These acts violate and are unlawful under California's Sherman Food, Drug and Cosmetic Act, California Health & Safety Code § 109875 *et seq.* (the "Sherman Law") and standing alone, without any allegations of fraud or deception, give rise to a claim for relief pursuant to the unlawful prong of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"). The SAC describes in detail Defendant's violations of specific sections of California's Sherman Law which adopts, incorporates – and hence mirrors – the federal Food Drug & Cosmetic Act, 21 U.S.C. § 301 *et seq.* in defining food as "misbranded" if its labeling is false or misleading or, importantly, if it does not contain certain information on its label. The law is clear: "misbranded" food cannot be legally manufactured, advertised, distributed, sold or even held, and, in fact, Defendant does not argue otherwise. Indeed, the sale or distribution of misbranded food is even a criminal act in California and the FDA even threatens food companies with seizure of misbranded products. Consequently, Defendant's conduct pertaining to its "misbranded" food give rise to a viable UCL unlawful

---

[1] Regardless, as described later, Plaintiffs have adequately have adequately pleaded all of their claims with the required degree of detail demanded by Rule 9(b).

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT       1
CASE NO. 12-CV-06449-PSG

1  claim.

2  Second, the SAC more than adequately describes Defendant's violations of specific sections of California's Sherman Law. These violations include: (1) "no sugar added" statements on Defendant's 100% Juice and 100% Grape Juice products which contain concentrated fruit juice and/or do not carry the appropriate disclaimer language required by 21 C.F.R. § 101.60(c)(2)(v). SAC ¶¶ 16, 62-69; (2) "all natural" statements on each of Defendant's three flavors (Grape, Strawberry and Raspberry) of "natural" spreads all of which contain unnatural and manufactured ingredients. SAC ¶¶ 79-89; (3) "no artificial flavors" statements on Defendants Grape Jelly made with High Fructose Corn Syrup. *Id.*; and (4) "high in antioxidants" statements made in identical fashion on both Defendant's Light Concord Grape and White Grape Beverages in violation of 21 C.F.R. § 101.54 as codified into California Law through the Sherman Act. SAC ¶¶ 95-102. Plaintiffs also allege that they reasonably relied on Defendant's misrepresentations, and were thereby deceived, in deciding to purchase Defendant's products. SAC ¶¶ 119, 122, 194.

Third, the SAC satisfies Rule 9(b). Many courts have reviewed similar allegations and found the pleadings more than fulfilled the demands of Rule 9(b). *See Kosta v. Del Monte Corp.*, 2013 WL 2147413, at *14-15 (N.D. Cal. May 15, 2013) (J. Rogers) (rejecting argument to dismiss under Rule 9(b)); *Khasin v. Hershey Co.*, 2012 WL 5471153, at *8 (N.D. Cal. Nov. 9, 2012) (J. Davila) (rejecting Rule 9(b) arguments to dismiss); *Astiana v. Ben & Jerry's Homemade, Inc.*, 2011 WL 2111796 (N.D. Cal. May 26, 2011)(J. Hamilton) (same); *Vicuna v. Alexia Foods, Inc.*, 2012 WL 1497507 (N.D. Cal. April 27, 2012)(J. Hamilton) (same).

For the reasons explained herein, this Court should deny Defendant's motions in their entirety.

# ARGUMENT

## A. Standard of Review

In considering a motion to dismiss, all allegations in the complaint must be taken as true and construed in the light most favorable to the Plaintiffs. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A complaint need only allege sufficient facts to show "a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility analysis is "context-specific," and courts are advised to draw upon "judicial experience and common sense" in applying it. *Iqbal*, 129 S.Ct. at 1950. However, assessing plausibility does not involve analysis of the merits. *Twombly*, 550 U.S. at 556-57. "[I]t is a 'rare situation' where granting a motion to dismiss claims under the UCL is appropriate." *In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1115 (S.D. Cal. 2011).

## B. The SAC Satisfies the Particularity Requirements of Rule 9(b)

### 1. Rule 9(b) Does Not Apply to Plaintiffs' First Cause of Action, the UCL Unlawful Claim

Plaintiffs need not plead their first cause of action, the UCL unlawful claim, with particularity. Defendant suggests that *all* UCL claims are subject to the heightened pleading standard, but this is not the case. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (where fraud is not an essential element of a claim, only allegations of fraudulent conduct must satisfy the heightened pleading requirements of Rule 9(b)); *Grodzitsky v. Am. Honda Motor Co., Inc.*, 2013 WL 2631326 (C.D. Cal. June 12, 2013) ("…not all CLRA and UCL claims are subject to Rule 9(b)'s heightened pleading requirements…"); *Von Kaenel v. Skinny Girl Cocktails, LLC*, 2:11-cv-07305, Dkt. 66, Order (C.D. Cal. Mar. 19, 2012) ("Fraud is not an essential element of the [Plaintiffs' FAL, UCL, and CLRA's] causes of action. Thus, heightened pleading is not required and the allegations in the complaint are sufficient."); *Shin v. BMW of N. Am.*, 2009 WL 2163509, at *4 (C.D. Cal. July 16, 2009) (holding Rule 9(b) heightened pleading requirements only apply to allegations that describe fraudulent conduct. Other elements of the plaintiff's UCL and CLRA claims are held to the normal pleading standards). Plaintiffs contend that Defendant's sale of misbranded products is unlawful under the Sherman Law and, therefore,

Plaintiffs have a claim under the unlawful prong of the UCL. This particular claim does not require a showing of deception so the heightened pleading standard does not apply.

### 2. Plaintiffs Have Met All of the *Kearns* Factors for Particularity in the Pleadings

Defendant argues that Plaintiffs have not alleged facts with the requisite degree of particularity in support of their claims, as required by Rule 9(b) for claims involving fraud or misrepresentation. DMD, at 4. However, "[t]he existence of questions of fact with regards to Plaintiffs' allegations of fraud or misrepresentation does not render the pleadings inadequate for the purposes of this Motion to Dismiss." *Khasin,* 2012 WL 5471153 at *7. "To satisfy Rule 9(b), any averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct alleged." *Kosta v. Del Monte Corp.,* 2013 WL 2147413, *15 (N.D. Cal. May 15, 2013) (Judge Rodgers) (quoting *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125–26 (9th Cir. 2009)).

In a pretentious attempt to prove to the Court that Plaintiffs have not met the requirements of Rule 9, Defendant tries to turn the requirements for claims sounding in fraud to have the who, what, when, where, and how of the "misconduct [of the defendant] alleged" into a requirement for a description of Plaintiffs' conduct. *Id.* The standard is whether Plaintiffs have properly pleaded and account of Defendant's actions not their own. Plaintiffs have so pleaded.

The "who" in this case is the Defendant, Welch's Foods, Inc.

The "what" are four discrete statements as described above on Defendant's product labels that Plaintiffs assert are in violation of the labeling rules and regulations. These are:

1) "no sugar added" statements on Defendant's 100% Juice and 100% Grape Juice;

2) "all natural" statements on each of Defendant's three flavors (Grape, Strawberry and Raspberry) of "natural" spreads;

3) "no artificial flavors" statements on Defendants Grape Jelly made with High Fructose Corn Syrup, and

4) "high in antioxidants" statements made in identical fashion on both Defendant's Light Concord Grape and White Grape Beverages.

The "when" of Defendant's misconduct has been properly pled as in the Class Period

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT  4
CASE NO. 12-CV-06449-PSG

1  beginning on a date certain being four years from the filing of the original Complaint. *See* SAC ¶

2  27.

3       The "<u>where</u>" of Defendant's misconduct occurred not vaguely in large State of California

4  but specifically on the Defendant's labeling of its 100% juice and grape juice products, its three

5  flavors of Natural Spreads, its Grape Jelly, and its Light Concord Grape and White Grape

6  Beverages.

7       The "<u>how</u>" of Defendant's misconduct that Plaintiffs was induced to purchase misbranded

8  products due to the unlawful statements therein which made them illegal to buy or hold and

9  would not have purchased them if they had known the truth of Defendant's unlawful acts. *See,*

10  SAC ¶¶ 124-125. The "how" the statements were misleading is that: (1) Defendant violated the

11  Sherman Law with four specific ways, on the labels of its products, as described above; (2)

12  Plaintiffs purchased Defendant's products reasonably relying, in substantial part, on Defendant's

13  misrepresentations; and (3) Plaintiffs was thus deceived by Defendant's product labels. *See* SAC

14  ¶¶ 124-125.

15       **3.**    **Plaintiffs Have Properly Pleaded Reasonable and Specific Reliance**

16       Plaintiffs have, antithetically to Defendant's argument, pled actual and reasonable reliance

17  on Defendant's unlawful statements on its Products' labels herein discussed.  Plaintiffs pled that

18  a reasonable person or customer would relied upon the unlawful and misleading statements

19  described herein. SAC ¶¶ 2, 4, 91, 95, 118, 126, 142, and 186.  Plaintiffs also pleaded specific

20  reliance on Defendant's unlawful and misleading statements. SAC ¶¶ 119, 121-122, and 186.

21  Plaintiffs also allege they would not have purchased the products if they had not been misled by

22  the unlawfulness of Defendant's label statements. SAC ¶¶ 118, 123-124, and 186.

23  **C.**    <u>**Defendant Can Not Meet the Rule 12(e) Standard for a More Definite Statement**</u>

24       The long held legal standard for deciding a motion for a more definite statement is such

25  that, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a

26  party cannot reasonably be required to frame a responsive pleading, the party may move for a

27  more definite statement before interposing a responsive pleading." "Whether to grant a Rule 12(e)

28  motion is within the discretion of the trial court." However, "[s]uch motion [is] not favored by the

courts since pleadings in federal courts are only required to fairly notify the opposing party of the nature of the claim." "[The motion] should not be granted unless the defendant cannot frame a responsive pleading." *Griffin v. Cedar Fair, L.P.,* 817 F. Supp. 2d 1152, 1154 (N.D. Cal. 2011) (internal citations omitted).  Rule 12(e) motions are "disfavored and rarely granted." "The rule is aimed at unintelligibility rather than lack of detail and is only appropriate when the defendants cannot understand the substance of the claim asserted." *Id.* at 1156 (internal citations omitted).

> Where the complaint is specific enough to appraise the responding party of the substance of the claim being asserted or where the detail sought is otherwise obtainable through discovery, a motion for a more definite statement should be denied. *See Famolare, Inc. v. Edison Bros. Stores, Inc.,* 525 F. Supp. 940, 949 (E.D. Cal. 1981) ("Due to the liberal pleading standards in the federal courts embodied in Federal Rule of Civil Procedure 8(e) and the availability of extensive discovery, the availability of a motion for a more definite statement has been substantially restricted."). Thus, motions pursuant to Rule 12(e) are generally "viewed with disfavor and are rarely granted[.]" *Sagan v. Apple Computer, Inc.,* 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).

*U.S. E.E.O.C. v. Alia Corp.*, 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012).  Defendant has not and cannot in good faith argue to this Court that it cannot answer Plaintiffs' SAC because 1) counsel has already answered a similar type of complaint in another case,[2] and 2) perhaps more importantly, Defendant has already shown the Court that it knows exactly what it is being sued for in its Motion to Dismiss and Motion to Strike when it charts the actions Plaintiffs have properly pleaded.  *See* DMD, at 12.  Consequently, Defendant's Motion for a More Definite Statement fails because of its own statements in its Motion to Strike.

D.     **Defendant's Motion to Strike Must Be Denied**

The legal standard for a Motion to Strike is also in Plaintiffs favor.  "Because such motions are disfavored, a motion to strike will generally not be granted unless it is clear the matter to be stricken ***could not have any possible bearing*** on the subject matter of the litigation." *Khasin,* 2012 WL 5471153 (citing *RDF Media Ltd. v. Fox Broad. Co.,* 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005) (emphasis added); *see also LeDuc v. Ky. Cent. Life Ins. Co.,* 814 F. Supp. 820, 830 (N.D.Cal.1992)).  When the court considers a motion to strike, it "must view the pleading in a light most favorable to the pleading party." *Id.* (citing *In re 2TheMart.com, Inc. Sec Litig.,* 114

---

[2] *Major v. Ocean Spray,* Case No. CV12-03067, Dkt. 13 (Aug. 24, 2012) (Answer to Original Complaint).

F. Supp. 2d 955, 965 (C.D. Cal. 2000)). A motion to strike should be denied if there is <u>any</u> doubt whether the allegations in the pleadings might be relevant in the action. *Id.* (emphasis added).

Defendant has either turned a blind eye to the averments and the applicable law or is simply being disingenuous as to its lack of understanding of the obvious connection of each the averments to Plaintiffs' claims. Defendant states, "Plaintiffs' Complaint is filled with immaterial content[.]" DMD at Pg. 18. Defendant moves to strike an incredible "151 paragraphs" without explanation in its motion presumably because it may take more time than counsel wants to spend. The only examples that Defendant uses to attempt to prove its point actually show how baseless Defendant's motion actually is.[3]

### E. **FDA Warning Letters and Advisory Opinions in the Complaint are Relevant to Plaintiffs Claims**

Defendant states that its motion is based upon averments like those involving other companies receiving warning letters from the FDA. However, every reference to a FDA warning letter is a publically available statement of same violations of the same regulations of which Plaintiffs' allege in the Second Amended Complaint against the Defendant. SAC ¶¶ 86-88 (Violation of "Natural" Claim), 98-100 (Violation of Antioxidant Claim).

Where, as here, the agency is interpreting its own regulations such as the food labeling rules that interpretation is "controlling." Thus the Ninth Circuit has stated: "[w]e give wide deference to an agency's reasonable interpretation of its own regulation." *Public Lands for the People, Inc. v. United States Dep't of Agric.*, 697 F.3d 1192, 1199 (9th Cir. 2012). "[W]here an agency interprets its own regulation, even if through an informal process, its interpretation of an ambiguous regulation is controlling under *Auer* unless 'plainly erroneous or inconsistent with the regulation.'" *Bassiri v. Xerox Corp.*, 463 F.3d 927, 930 (9th Cir. 2006) (quoting *Auer v. Robbins*, 519 U.S. 452, 461 (1997)). Even non-final pronouncements lacking the force of law are still entitled to deference as authoritative agency interpretations. *Vanscoter v. Sullivan*, 920 F.2d 1441,

---

[3] Defendant bewails the fact that Plaintiffs' complaint did have any reduction of paragraph numbers from the First and Second Amended Complaints. *See,* DMD at 2. However, during preparation of this response, Plaintiffs note that there is a previously undiscovered formatting error in the SAC which causes a jump in paragraph numbers from 158 to 183. Obviously, Defendants also missed the jump and corresponding reduction of twenty-five paragraphs in the SAC.

1449 (9th Cir. 1990). Compliance Guidance and other agency pronouncements can, "as a practical matter, have binding effect." *Appalachian Power Co. v. E.P.A.*, 208 F.3d 1015, 1021 (D.C. Cir. 2000) (non-binding EPA guidance documents were final agency action where an agency treated the documents as controlling in the field, and based enforcement on them).  Thus, the averments about FDA Guidance and Warning letters, at a minimum, go to Defendant Welch's knowledge of the law and its intentional or grossly negligent violation thereof.

Defendant also attacks Plaintiffs' statement as "homilies" that "[e]very day, millions of Americans purchase and consume packaged foods[]" DMD at 11.  However, in a class action lawsuit, averments or references as to the large number of plaintiffs certainly have "bearing on subject matter of the litigation." *See Khasin,* 2012 WL 5471153, at *15.

**F.   Identical Violations of Based Upon Identical Unlawful Language in the Same Product Line Should Not Be Stricken**

Defendant also argues that Plaintiffs' claims involving products which for flavors which they did not purchase should be stricken.  Defendant makes this argument prematurely and in spite of the fact that the products not purchased have exactly the same violations of the same regulations based upon identical language presented in the same way in Defendants Product line.

The Court should deny this portion of Defendant's motion "as any concerns about the differences among the products are better addressed at the class certification stage rather than at the present stage." *Id.* at 15 (citing *Astiana v. Dreyer's Grand Ice Cream, Inc.,* 2012 WL 2990766, at *13 (N.D. Cal. July 20, 2012).

Even if the Court were to find that the issue of non-purchased products with identical regulation violations is ripe for adjudication, present case law supports Plaintiffs' position not Defendants.  In finding that claims for similar products with the same violations for black, white and green tea labels, the Court in *Lanovaz v. Twinings N. Am., Inc.,* C-12-02646-RMW, 2013 WL 2285221 (N.D. Cal. May 23, 2013) stated that "[c]ourts are divided on whether a putative class representative can bring claims on behalf of a class for products the representative did not purchase. The deciding factor is whether the products are sufficiently similar. *See Miller v. Ghirardelli Chocolate Co.,* 2012 WL 6096593, at *6–7 (N.D. Cal. Dec.7, 2012) ("The majority of

the courts that have carefully analyzed the question hold that a Plaintiffs may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar."). *Id.* at *1. *See also, Astiana*, 2012 WL 2990766, at *12 (citing *Koh v. S.C. Johnson & Son, Inc.,* No. C–09–0927 RMW, 2010 WL 94265, *3 (N.D. Cal. Jan.6, 2010) ("Judge Whyte of this Court rejected the defendant's argument that the Plaintiffs lacked standing to pursue class action claims based on a product (Shout) that he did not purchase as opposed to a product (Windex) that he did purchase."). Similarly, in *Anderson v. Jamba Juice Co.,* the court held that the Plaintiffs, who purchased several flavors of at-home smoothie kits labeled "All Natural," had standing to bring claims on behalf of purchasers of other flavors because the products were sufficiently similar and because the "same alleged misrepresentation was on all of the smoothie kit[s] regardless of flavor...." 2012 WL 3642835, at *5.

Judge Rogers has just addressed this very same issue in *Kosta v. Del Monte Corp.,* 2013 WL 2147413 (N.D. Cal. May 15, 2013). There, the court held "[w]here the allegations indicate sufficient similarity between the products, any concerns regarding material differences in the products can be addressed at the class certification stage." *Id.* at 15.

Moreover, Judge Whyte has repeated ruled previously that a Plaintiffs may have standing to bring claims concerning similar products. In *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913 (N.D. Cal. 2012) he addressed Defendants specific argument that there is no economic injury to a Plaintiffs so there can be no standing for a product not purchased. Judge Whyte ruled:

> This court respectfully disagrees with *Mlejnecky's* characterization of *Kwikset,* and finds that Plaintiffs have standing to assert claims on behalf of purchasers of other iPhone models. While *Kwikset* clarified the economic injury requirement for standing under the UCL, it did not purport to address whether a Plaintiffs who has suffered such an injury could represent a class of individuals who purchased distinct but similar products. Indeed, shortly before issuing its decision in *Kwikset,* the California Supreme Court explained that "representative parties who have a direct and substantial interest have standing; the question whether they may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation." *In re Tobacco II Cases,* 46 Cal.4th at 319, 93 Cal.Rptr.3d 559, 207 P.3d 20 (internal citations omitted); *see also Bruno,* 280 F.R.D. at 530–31. The *Kwikset* court relied heavily on the reasoning of its *In re Tobacco II* decision, and made no reference to overruling or modifying its earlier holding.

1  *Id*. at 922.  *See also*, *Koh, supra; Brazil v. Dell, Inc.,* 2008 U.S. Dist. LEXIS 95348, at *12 (N.D. Cal. 2008) (Judge Whyte) ("It is true that there is tension in the case law regarding whether intra-class differences implicate standing or the class certification requirements of Rule 23(a). Nonetheless, Brazil and Seick respond that this argument should properly be addressed in class certification, and the court agrees."); *Adam v. Silicon Valley Bancshares*, 1994 U.S. Dist. LEXIS 21717 (N.D. Cal. 1994) (Judge Whyte).

Here, Plaintiffs likewise allege that all of Defendant's 100% Juice products carry the identical, unlawful "no sugar added" claims. SAC ¶¶ 64, 67.  Plaintiffs also allege that the label of the "Defendant's 'Natural' Strawberry Spread (and identically its Concord Grape and Raspberry Spreads) state the product is free from artificial flavors, colors or preservatives despite containing artificial flavors, colors or preservatives such as citric acid and sodium citrate." SAC ¶¶ 79, 80. Plaintiffs avers further that "no artificial flavors" statements on Defendants Grape Jelly made with High Fructose Corn Syrup.  SAC ¶ 79-80.  Lastly, "high in antioxidants" statements made in identical fashion on both Defendant's Light Concord Grape and White Grape Beverages.  SAC ¶¶ 95-102.

Despite Defendants attempt to convince the Court otherwise, Plaintiffs do not seek in their present Complaint any claim for non-purchased products which do not have identical unlawful language as those products purchased by Plaintiffs in the 100% Juices, Light Concord Grape Beverages and All Natural Spreads and jellies.

Lastly, Defendant moves to strike a reference to a website in Plaintiffs' Complaint. The law is clear that websites are part of the label when there is a reference to the website on the label and California law, federal law, and the FDA all consider websites to be part of a label if the website "explains or supplements" the product.  *See Wilson v. Frito-Lay N. Am., Inc.*, 2013 WL 1320468, at *7 (N.D. Cal. Apr. 1, 2013).  The statements above clearly explain or supplement the Defendants' 100% Juice (No Sugar Added claims), Natural Spreads (All Natural Claims) and Light Grape Beverages (antioxidants).

Despite the clarity in the law, Plaintiffs frankly admits to the Court that Paragraph 15 containing the only reference to the Defendants website was accidently left in the SAC.  Plaintiffs

had already decided not to pursue claims based upon identical or substantially similar language on the website and had removed all other references to the website from the Amended Complaint. Thus, Plaintiffs doesn't object to the removal of Paragraph 15 from the SAC.

### G. Plaintiffs' Claim for Restitution Based Upon Quasi-Contract/Unjust Enrichment Is a Valid Claim that May Not be Duplicative at the End of the Litigation

Defendant's final argument is that Plaintiffs' claim for "unjust enrichment" must be dismissed because California does not recognize "unjust enrichment" as a cause of action or that it is duplicative of the damages of restitution. Defendant fails to point out that there is a split of authority on this issue. While some California courts have declined to recognize a cause of action for unjust enrichment, other courts have upheld such claims. *See AFCM, Inc. v. Elite Global Farming and Logistics, Inc.*, 2012 WL 1309168, at *6 (N.D. Cal. April 16, 2012); *Hawthorne v. Umpqua Bank*, 2012 U.S. Dist. LEXIS 58635, at *6 (N.D. Cal. 2012). Further:

> The Court rejects this [same] contention. Unjust enrichment has been recognized as an allegation akin to "quasi-contract": a restitution claim brought forth so as to avoid unjustly conferring a benefit upon a defendant in the absence of a valid and enforceable contract. *See Vicuna v. Alexia Foods, Inc.,* No. 11–6119, 2012 WL 1497507, at *3 (N.D. Cal. Apr.27, 2012) (finding that plaintiffs may proceed with claims of "unjust enrichment" in fraud-related claims as a claim for restitution); *Astiana,* Nos. C 10–4387, C 10–4937, 2011 WL 2111796 at *11 (denying a motion to dismiss an "unjust enrichment" claim in a similar cause of action for misrepresentation in food product labeling).

*Khasin,* 2012 WL 5471153, *9.

> Plaintiffs allege that defendants improperly benefitted from fraudulent activities and thus plaintiffs seek *"restitution* from [d]efendants, and each of them, and an order disgorging all profits, benefits, and other compensation obtained by [d]efendants." FAC ¶ 106 (emphasis added). Here, as in *McBride,* plaintiffs may assert a claim for restitution based on a theory of unjust enrichment. *See, e.g.* 1 Witkin Sum. Cal. Law Contracts § 1013 ("the right to restitution or quasi-contractual recovery is based upon unjust enrichment. Where a person obtains a benefit that he or she may not justly retain, the person is unjustly enriched."). Furthermore, although plaintiffs' restitution claim under their eighth cause of action may ultimately be superfluous to their restitution claim under section 17200, it is inappropriate at the motion to dismiss stage to make that determination, as plaintiffs may prevail in one cause of action and not in the other. Accordingly, defendants' motion to dismiss plaintiffs' eighth cause of action is DENIED.

*Nordberg v. Trilegiant Corp.,* 445 F. Supp. 2d 1082, 1100-01 (N.D. Cal. 2006) (emphasis in original).

In *Vicuna v. Alexia Foods, Inc.*, Judge Hamilton allowed an unjust enrichment claim to go

forward on the grounds that it was essentially a claim for restitution based on quasi-contract despite finding that unjust enrichment is not a cause of action in California. *Vicuna*, 2012 WL 1497507, at *3. Plaintiffs have alleged that Defendant was enriched, i.e., received a benefit, by means of unlawful, fraudulent and misleading labeling. SAC ¶ 221. Plaintiffs have, consistent with *Vicuna*, chosen to seek restitution on a quasi-contract theory, as evidenced by the style of their cause of action - "Restitution Based on Unjust Enrichment/Quasi Contract." Further, as recognized by the court in *Vicuna*, Plaintiffs may plead a restitution claim in the alternative, pursuant to Fed. R. Civ. P. 8(e)(2), even where such a claim is inconsistent and incompatible with a related claim for breach of contract or a claim in tort. *Vicuna,* 2012 WL 1497507, at *3. *See also*, *Colucci v. Zoneperfect Nutrition Co*., 2012 WL 6737800, at * 33 (N.D. Cal. Dec. 28, 2012) ("Having reviewed numerous discussions, this Court is persuaded by, and adopts the reasoning of, the cases which hold that claims for restitution or unjust enrichment may survive the pleading stage when pled as an alternative avenue of relief, though the claims, as alternatives, may not afford relief if other claims do.").

While Plaintiffs concur that the district is split as to whether a claim of restitution is duplicative, Plaintiffs' Seventh Cause of Action is pleaded as a proper unjust enrichment claim that seeks restitution. SAC ¶¶ 220-223. Pursuant to the above cases allowing identical claims to go survive a Motion to Dismiss*,* this cause of action should survive at until such a time in the litigation where becomes clear that the restitution sought as a damage in other pled causes has occurred and that the Seventh Cause of Action of the SAC only then becomes duplicative.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully requests that the Court deny Defendant's Motion to Dismiss, Motion to Strike and Motion for a More Definite Statement.

Dated:  June 17, 2013.

Respectfully submitted,

/s/ *Pierce Gore*
Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda

Suite 425
San Jose, CA  95126
(408) 369-0800
pgore@prattattorneys.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed and served via the Court's ECF filing system on all attorneys of record this 17th day of June, 2013.

_/s/  Pierce Gore_
Ben F. Pierce Gore