1  Ben F. Pierce Gore (SBN 128515)
   PRATT & ASSOCIATES
2  1871 The Alameda
   Suite 425
3  San Jose, CA  95126
   (408) 369-0800
4  pgore@prattattorneys.com

5  *Attorney for Plaintiffs*

6

7                  IN THE UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                          SAN JOSE DIVISION

10

11  ELIZABETH PARK AND CAROLYN          Case No. CV12-06449 PSG
    OTTO, individually and on behalf of all
12  others similarly situated,          **[ROPOSED] ORDER DENYING
                                        DEFENDANT'S MOTION TO DISMISS**
13                  Plaintiffs,
                                        Hearing Date:    July 30, 2013
14  v.                                  Time:            10:00 a.m.
                                        Judge:           Hon. Paul S. Grewal
15  WELCH FOODS, INC,                   Action Filed:    December 20, 2012

16                  Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED ORDER DENYING MOTION TO DISMISS SECOND AMENDED COMPLAINT
CASE NO. 12-CV-06449-PSG

1

2     Defendants Welch Foods, Inc. have moved for an order dismissing Plaintiffs' Second

3  Amended Complaint, or in the alternative, striking allegations in the Amended Complaint (the

4  "Motion").  A hearing having been scheduled on the Motion for July 30, 2013, the Honorable

5  Paul S. Grewal presiding.  After considering the briefs, arguments, and all other matters

6  presented, the Court concludes that Defendant's Motion should be denied, for the following

7  reasons:

8     1.     A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the

9  legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-

10  1200 (9th Cir. 2003). Review is limited to the contents of the complaint. *Allarcom Pay Television,*

11  *Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). Federal Rule of Civil Procedure

12  8(a) requires only that the complaint include a "short and plain statement of the claim showing

13  that the  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary -- the

14  statement need only give the defendant "fair notice of the claim and the grounds upon which it

15  rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550

16  U.S. 544, 555 (2007)).

17     2.     All allegations of material fact are taken as true. *Id.* at 94. However, legally

18  conclusory statements, not supported by actual factual allegations, need not be accepted. *See*

19  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (courts are not bound to accept as true "a legal

20  conclusion couched as a factual allegation"). That is, the allegations in the complaint "must be

21  enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations

22  and quotations omitted). A motion to dismiss should be granted if the complaint does not proffer

23  enough facts to state a claim for relief that is plausible on its face. *See id.* at 558-59.

24     3.     In addition, in actions alleging fraud, "the circumstances constituting fraud or

25  mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).  Under Rule 9(b), the complaint

26  must allege specific facts regarding the fraudulent activity, such as the time, date, place, and

27  content of the alleged fraudulent representation, how or why the representation was false or

28

1    misleading, and in some cases, the identity of the person engaged in the fraud.  *In re GlenFed*

2    *Sec. Litig.*, 42 F.3d 1541, 1547-49 (9th Cir. 1994).

3        4.      Plaintiffs' Second Amended Complaint is sufficient to put Defendant on notice of

4    the claims asserted against it, the court finds that the claims are pleaded sufficiently to withstand a

5    Rule 12(b)(6) motion to dismiss.  The court also finds that numerous factual issues make this

6    matter inappropriate for decision on a 12(b)(6) motion.

7        5.      Under Federal Rule of Civil Procedure 12(f), the court "may order stricken from

8    any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous

9    matter." Fed. R. Civ. P. 12(f).  The function of a motion to strike under Rule 12(f) is to "avoid the

10   expenditure of time and money that must arise from litigating spurious issues by dispensing with

11   those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 973 (9th Cir.

12   2010) (quotation and citation omitted).  To determine whether to grant a motion to strike under

13   Rule 12(f), the court must determine whether the matter the moving party seeks to have stricken

14   is (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. *Id*.

15   at 973-74.

16       6.      Motions to strike are not favored and "should not be granted unless it is clear that

17   the matter to be stricken could have no possible bearing on the subject matter of the litigation."

18   *Colaprico v. Sun Microsystem, Inc*., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). When a court

19   considers a motion to strike, it "must view the pleading in a light most favorable to the pleading

20   party." *In re 2TheMart.com, Inc. Sec Lit.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). A court

21   must deny the motion to strike if there is any doubt whether the allegations in the pleadings might

22   be relevant in the action. *Id*.

23       7.      The court finds that the allegations that are the subject of Defendant's Motion to

24   strike are not "redundant, immaterial, impertinent, or scandalous matter."  Viewed in a light most

25   favorable to Plaintiff, it is not clear that the subject allegations "could have no possible bearing on

26   the subject matter of the litigation."

27

28

1    Accordingly, IT IS HEREBY ORDERED THAT Defendant's Motion is DENIED.

2    **IT IS SO ORDERED.**

3    Dated: _____, ____, 2013.

4

5    _____
     THE HONORABLE PAUL S. GREWAL
6    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28