UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| ELIZABETH PARK, et al., | ) | Case No.: 5:12-cv-06449-PSG |
| | ) | |
| Plaintiffs, | ) | **ORDER RE: DEFENDANTS'** |
| v. | ) | **MOTION TO DISMISS, MOTION** |
| | ) | **FOR MORE DEFINITE** |
| WELCH FOODS, INC., | ) | **STATEMENT, AND MOTION TO** |
| | ) | **STRIKE** |
| Defendant. | ) | |
| | ) | **(Re: Docket No. 20)** |

Defendant Welch Foods, Inc. ("Welch") moves to dismiss the complaint pursuant to Fed. R. Civ. P 12(b)(6), for a more definite statement pursuant to Fed. R. Civ. P. 12(e), and to strike pursuant to Fed. R. Civ. P. 12(f).  Class representatives for Plaintiffs Elizabeth Park and Carolyn Otto oppose.  On August 13, 2013, the parties appeared for a hearing.  Having reviewed the papers and considered the arguments of counsel:

Welch's motion to dismiss is GRANTED with limited leave to amend.

Welch's motion for a more definite statement is DENIED-AS-MOOT.

Welch's motion to strike is DENIED-AS-MOOT.

Case No.: 5:12-cv-06449-PSG
ORDER

# I. BACKGROUND

Defendant Welch Foods, Inc. is a Massachusetts corporation headquartered in Concord, MA.[1]  Welch produces food and beverage products as the "food processing and marketing arm of the National Grape Cooperative Association."[2]  Plaintiffs Park and Otto are residents of Los Gatos and San Jose, respectively, who have purchased Welch food products over the last four years in excess of $25.[3]

Plaintiffs initially filed a class action complaint on December 20, 2012.[4]  Plaintiffs later amended their complaint on two occasions – first on January 30, 2013, and later on April 2, 2013.[5]  Defendants responded with a motion to dismiss on June 3, 2013.[6]

In the operative second amended complaint ("SAC") Plaintiffs allege Welch's package labeling is "misbranded" because it is unlawful and misleading.  Specifically, Plaintiffs bring claims for: (1) violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200 *et seq.*, for unlawful, unfair, and fraudulent business acts and practices (claims 1, 2, and 3); (2) violation of California's False Advertising Law ("FAL"), California Business and Professions Code §§ 17500 *et seq.*, for untrue, as well as misleading and deceptive, advertising (claims 4 and 5); (3) violation of the Consumer Legal Remedies Act ("CLRA"), California Civil Code §§1750 *et seq.* (claim 6); and (4) restitution based on unjust enrichment/quasi-contract (claim 7).[7]

---

[1] *See* Docket No. 1 at ¶ 28.

[2] *See id.* at ¶¶ 28-29.

[3] *See id.* at ¶¶ 26-27.

[4] *See id.*

[5] *See* Docket Nos. 9 and 12.

[6] *See* Docket No. 17.

[7] *See* Docket No. 12 at ¶¶ 139-49 (claim 1), 150-58 (claim 2), 183-89 (claim 3), 190-97 (claim 4),

Case No.: 5:12-cv-06449-PSG
ORDER

## II. LEGAL STANDARDS

**A.     Motion to Dismiss**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[8]  If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[9]  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]  Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[11]

On a motion to dismiss, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[12]  The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[13]  However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[14]

---

198-205 (claim 5), 206-18 (claim 6), and 219-23 (claim 7).

[8] Fed. R. Civ. P. 8(a)(2).

[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[11] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[12] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[13] *See id.* at 1061.

[14] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); s*ee also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement" of a claim will not survive a motion to dismiss).

Case No.: 5:12-cv-06449-PSG
ORDER

1     "Dismissal with prejudice and without leave to amend is not appropriate unless it is

2   clear . . . that the complaint could not be saved by amendment."[15]

3   **B.      Rule 9(b)**

4          Claims sounding in fraud or mistake must additionally comply with the heightened pleading

5   requirements of Fed. R. Civ. P. 9(b) by pleading with particularity the circumstances surrounding

6   the fraud or mistake.[16]  Rule 9(b) applies to the state claims at issue here as they involve allegations

7   that consumers were misled.[17]  To satisfy the heightened standard under Rule 9(b), allegations

8   must be "specific enough to give defendants notice of the particular misconduct which is alleged to

9   constitute the fraud charged so that they can defend against the charge and not just deny that they

10  have done anything wrong."[18]  This includes "the who, what, when, where, and how of the

11  misconduct charged."[19]  Thus, claims sounding in fraud must allege "an account of the time, place,

12  and specific content of the false representations as well as the identities of the parties to the

13  misrepresentations."[20]  The plaintiff must set forth what is false or misleading about a statement,

14  and why it is false."[21]

15  **C.      Motion to Strike**

16         Upon motion or on its own, the court may strike from a pleading "any redundant,

17  immaterial, impertinent, or scandalous matter."[22]  The purpose of Rule 12(f) is to "avoid the

18  _____

19  [15] *Eminence Capital, LLC v. Asopeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

20  [16] *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

21  [17] *See Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889, 902 (N.D. Cal. 2012).

22  [18] *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

23  [19] *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

24  [20] *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (internal quotations omitted).

25  [21] *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc).

26  [22] Fed. R. Civ. P. 12(f).

Case No.: 5:12-cv-06449-PSG
ORDER

expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."[23]   The court must view "the pleadings in the light most favorable to the non-moving party, and the information will not be stricken unless it is evident that it has no bearing upon the subject matter of the litigation."[24]   "Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike."[25]

**D.      Motion for More Definite Statement**

Fed. R. Civ. P. 12(e) provides that a party may move for a more definite statement when a pleading is so vague and ambiguous that the party cannot reasonably prepare a response. "The proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings."[26]

### III. DISCUSSION

Welch claims Plaintiffs' complaint sounds in fraud and therefore the heightened pleading standard of Rule 9 applies.  Its motion is directed towards eliciting a short and plain statement detailing Plaintiffs' allegations.  Welch is after the who, what, where, when, and how surrounding the circumstances in which Plaintiffs were misled.  It bewails the length and disorganization of Plaintiffs' 233 paragraph complaint distributed across 39 pages.[27]  Welch points out portions of the complaint are generously and blindly appropriated from similar complaints filed in this district.  At bottom, Welch wants to know what conscious choices Plaintiffs made at specific markets on specific dates.  Welch further moves the court to cut the fat that it believes hangs from the

---

[23] *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)

[24] *Cal. Dept. of Toxic Substances*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

[25] *In re Walmart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007).

[26] *Federal Sav. & Loan Ins. Corp. v. Musacchio*, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988).

[27] Plaintiffs point out that its complaint is actually a few paragraphs shorter due to a formatting error in the SAC.

5

Case No.: 5:12-cv-06449-PSG
ORDER

complaint and suggests a 15-page limit is appropriate.  Independently, Welch also moves the court

to dismiss Plaintiffs' claim for restitution with prejudice because Welch claims restitution

constitutes a remedy, not a cause of action.

Plaintiffs' respond that not all of the UCL claims must be plead with particularity.  In

particular, Plaintiffs point out that it has a claim under the unlawful prong of the UCL, and on that

basis, is not required to meet the heightened Rule 9(b) pleading standards for all of its claims.[28]

Even so, Plaintiffs claim that all of their allegations within the SAC do in fact meet the particularity

requirements of Rule 9(b).[29]  They point to four violations of specific sections of California's

Sherman Law:

1.  "No sugar added" statements on Welch's 100% juice and 100% grape juice products
    which contain concentrated fruit juice and/or do not carry the appropriate disclaimer
    language as required by 21 C.F.R. §101.60(c)(2)(v).[30]

2.  "All natural" statements on each of Welch's "natural" spreads which contain unnatural
    and manufactured ingredients.[31]

3.  "No artificial flavors" statements on Welch's grape jelly which is made with high
    fructose corn syrup.[32]

4.  "High in antioxidants" statements made in identical fashion on Welch's Light Concord
    Grape and White Grape beverages in violation of §21 C.F.R. §101.54.[33]

The parties also fundamentally dispute how the Rule 9(b) standards apply to the balance of

---

[28] *See* Docket No. 12 at ¶ 8 ("Identical federal and California laws regulate the content of labels on
packaged foods.  The requirements of the federal Food, Drug & Cosmetic Act ('FDCA') were
adopted by the California legislature in the Sherman Food Drug & Cosmetic Law
(the 'Sherman Law').  California Health & Safety Code § 109875, *et seq.*  Under FDCA section
403(a), food is 'misbranded' if 'its labeling is false or misleading in any particular,' or if it does not
contain certain information on its label or in its labeling.  21 U.S.C. § 343(a).")

[29] *See* Docket No. 19 at 1 n.1 ("Plaintiffs have adequately pleaded all of their claims with the
required degree of detail demanded by Rule 9(b).").

[30] *See* Docket No. 12 at ¶¶16, 62-69.

[31] *See id.* at ¶¶ 79-89.

[32] *See id.*

[33] *See id.* at ¶¶ 119, 122, 194.

Case No.: 5:12-cv-06449-PSG
ORDER

Plaintiffs' complaint (i.e. the claims even Plaintiffs concede sound in fraud). Plaintiffs' claim that the standard for fraud centers on Welch's actions – *not their own*.[34] Plaintiffs identify the following standards:

**Who:** The Defendant: Welch.

**What:** Statements from Welch's product labels and Welch's website that Plaintiffs represent in their complaint are incorporated into Welch's package labels by statute.[35]

**When:** The four year period prior to the filing of the complaint.

**Where:** Within the state of California, but specifically through Welch's labeling of its juice and grape products.

**How:** Defendants alleged misconduct induced Plaintiffs to purchase misbranded products due to unlawful statements which made them illegal to buy or hold.[36]

Welch remains unsatisfied. It argues that the Rule 9 particularity standards must apply to Plaintiffs' purchasing decisions. Welch wants to know *specifically* when and where Plaintiffs purchased the particular Welch food products at issue in this litigation. Welch also wants to know how Plaintiffs' purchase decisions were driven by the alleged misrepresentations on the packaging labels.

The court agrees with Welch that the complaint does not satisfy the heightened pleading requirements of Rule 9(b). Plaintiffs' second, third, fourth, fifth, and sixth causes of action sound in fraud and are therefore all subject to the heightened pleading requirement of Rule 9(b) of the

---

[34] *See* Docket No. 19 at 4. ("In a pretentious attempt to prove to the Court that Plaintiffs have not met the requirements of Rule 9, Defendant tries to turn the requirements for claims sounding in fraud to have the who, what, when, where, and how of the "misconduct [of the defendant] alleged" into a requirement for a description of Plaintiffs' conduct. The standard is whether Plaintiffs have properly pleaded and account of Defendant's actions not their own." (citations omitted)).

[35] *See* Docket No. 12 at 15 ("By law, Defendant's website representations are incorporated in its package labels.").

[36] *Id.* at ¶¶ 124-25.

Case No.: 5:12-cv-06449-PSG
ORDER

Federal Rules of Civil Procedure.[37]  These causes of action are: (2) violation of the UCL for unfair business acts and practices; (3) violation of the UCL for fraudulent business acts and practices; (4) violation of the FAL for misleading and deceptive advertising; (5) violation of the FAL for untrue advertising; and (6) violation of the CLRA.  Plaintiffs' first cause of action alleges a violation of the UCL for unlawful business acts and practices that are predicated on the same course of conduct as his other UCL, FAL, and CLRA claims.[38]  The court finds that this claim is also subject to the heightened pleading standard because the crux of Plaintiffs' "unlawful" UCL claim is premised on a uniform course of fraudulent conduct.[39]

"Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged," *Kearns*, 567 F.3d at 1124, as well as the circumstances indicating fraudulent conduct, *Vess*, 317 F.3d at 1106.  Plaintiffs believe they have met the Rule 9(b) bar.  The court disagrees.  While Plaintiffs have sufficiently alleged the "who" of the charged misconduct for purposes of a motion to dismiss, the Court finds the rest of Plaintiffs' averments fall short of Rule 9(b).  Plaintiffs have not alleged "when during the class period, where, how many, or how many times" they purchased the products or were exposed to the alleged misrepresentations.[40]

---

[37] *See Kearns*, 567 F.3d at 1125 ("[W]e have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL.").

[38] *See* FAC ¶¶ 213, 214, and 215.

[39] *See, e.g.*, *Brazil v. Dole Food Co., Inc.*, Case No. 5:12-cv-01831-LHK, 2013 WL 1209955, at *14 (N.D. Cal. Mar. 25, 2013) ("The Court finds that this claim is also subject to the heightened pleading standard because the crux of [the plaintiff's] 'unlawful' UCL claim is premised on a uniform course of fraudulent conduct.") (citing the first amended complaint alleging Defendant "engaged in a series of unlawful schemes" and unlawful practices in furtherance of these schemes); *see also Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (stating that, when a plaintiff alleges "a unified course of fraudulent conduct" and relies "entirely on that course of conduct as the basis of a claim" the claim is said to be grounded in fraud and "the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)").

[40] *Edmunson v. Procter & Gamble Co.*, Case No. 10-cv-2256-IEG-NLS, 2011 WL 1897625, at *5 (S.D. Cal. May 17, 2011); *see also Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1124 (C.D. Cal. 2010) (much "as the plaintiff in *Kearns* failed to allege with specificity when certain

8

Case No.: 5:12-cv-06449-PSG
ORDER

Despite spanning thirty-nine pages, Plaintiffs' SAC "provides little more than a long summary of the FDCA and its food labeling regulations, a formulaic recitation of how these regulations apply to Defendants' products, and conclusory allegations regarding Defendants' 'unlawfulness.'"[41]  The SAC makes extended reference to guidance letters from the FDA regarding products and matters that are not at issue to this proceeding.[42]  Plaintiffs' "claims are difficult to decipher and appear to include claims from similar lawsuits filed in this district."[43]  Moreover, the SAC is "filled with vague assertions that, despite general references to multiple categories of state and federal regulations, leave unclear the precise nature of any alleged violation."[44]

Finally, the SAC also "does not clearly indicate the content of the labels upon which" Plaintiffs' "allegedly relied when making their purchases or the advertisements and website statements" that they "saw and supposedly found misleading."[45]  Although Plaintiffs allege that "Defendants' misrepresentations are part of an extensive labeling, advertising, and marketing

---

fraudulent statements were made, Yumul has failed to allege when during the period from January 1, 2000 to the [end of the class period] she saw or heard the particular representations upon which her complaint is based").  The court notes that the case law is not unanimous on this point.  *See ConAgra*, 2012 WL 6569383 ("Plaintiffs' allegations that they bought the products in California since April 2008 [to the end of the class period] are sufficient to put Defendant on notice of the claims against it").

[41] *Brazil*, 2013 WL 1209955, at *15 (dismissing complaint where heightened Rule 9(b) pleading standards were not met); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955); *Kearns*, 567 F.3d at 1124 ("A party alleging fraud must set forth more than the neutral facts necessary to identify the transaction.") (internal quotation marks and citation omitted).

[42] *See* Docket No. 12 at ¶¶ 42-50 (FDA's general letters to industry), 81-89 (FDA warning letters regarding lemonade, roasted red potatoes, and baby Portobello mushrooms produced by companies not involved in this litigation), and 97-99 (letter from FDA to Pavich Family Farms' regarding seedless grapes).

[43] *Brazil*, 2013 WL 1209955, at *15.

[44] *Id.*

[45] *Id.*

9

Case No.: 5:12-cv-06449-PSG
ORDER

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

campaign,"[46] they do not allege that they personally saw and/or relied on any misleading advertisements or website statements in particular. Plaintiffs have not supported their "allegations with even a minimal degree of factual specificity."[47]

In sum, the SAC does not "give defendants notice of the particular misconduct which is alleged to constitute the fraud" charges.[48] The complaint does not meet the heightened pleading standard of Rule 9(b), and the court DISMISSES with leave to amend Plaintiffs' claims based on violations of the UCL, FAL, and CLRA.

The court finally turns to Welch's motion to dismiss Plaintiffs' unjust enrichment/quasi-contract claim. Plaintiffs plead a claim for restitution/ unjust enrichment. Restitution is a "quasi-contractual claim in order to avoid unjustly conferring a benefit upon a defendant where there is no valid contract."[49] Both California and federal courts of this district are divided as to whether there is an independent cause of action for restitution/unjust enrichment – some courts have declined to recognize such a cause of action, holding that it is merely a remedy that rests on a separate claim, while others have permitted it to proceed independently.[50] The difference in opinion appears to turn on whether the plaintiff has properly plead a claim for quasi-contract, or that the defendant has been unjustly enriched at the expense of another, and that it would frustrate public policy concerns

---

[46] Docket No. 12 at ¶ 118.

[47] *Brazil*, 2013 WL 1209955, at *15.

[48] *Semegen*, 780 F.2d at 731.

[49] *Rosal v. First Fed. Bank of Cal.*, 671 F.Supp.2d 1111, 1113 (N.D. Cal. 2009).

[50] *See Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1307 (2011) ("Unjust enrichment is not a cause of action, just a restitution claim"); *cf. McBride v. Boughton,* 123 Cal. App. 4th 379, 387 (2004) (holding that the plaintiff may choose to seek restitution on a quasi-contract theory). *See also Khasin v. Hershey Co.*, 5:12-CV-01862 EJD, 2012 WL 5471153, at *9 (N.D. Cal. Nov. 9, 2012) (interpreting unjust enrichment claim as akin to quasi-contract claim and allowing it to proceed); *cf. Brazil,* 2013 WL 1209955, at *18 (ruling that unjust enrichment is not an independent cause of action).

10

Case No.: 5:12-cv-06449-PSG
ORDER

to allow the defendant to retain that benefit.[51]  Given that Plaintiffs' quasi-contract theory rests on the same sets covered by their other claims, which also provide for restitution as a remedy,[52] the claim is "merely duplicative of statutory or tort claims" and must be dismissed.[53]

In light of this ruling on Welch's motion to dismiss, the court need not address Welch's other pending motions.

**IT IS SO ORDERED.**

Dated: September 26, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[51] *See McBride*, 123 Cal. App. at 389.

[52] *Brazil,* 2013 WL 1209955, at *18 (the UCL provides restitution as a remedy).

[53] *See, e.g., In re Apple & AT&T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011); *Diacakis v. Comcast Corp.*, Case No. 4:11-cv-3002-SBA, 2012 WL 43649, at *6 (N.D. Cal. Jan. 9, 2012).

Case No.: 5:12-cv-06449-PSG
ORDER

United States District Court
For the Northern District of California