United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8        UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA

10        SAN JOSE DIVISION

11  ELIZABETH PARK, et al.,                 )   Case No. 5:12-cv-06449-PSG
                                            )
12              Plaintiffs,                 )   **ORDER DENYING DEFENDANT'S**
         v.                                 )   **MOTIONS TO STRIKE AND**
13                                          )   **DISMISS**
    WELCH FOODS, INC.,                      )
14                                          )   **(Re: Docket No. 39)**
                Defendant.                  )
15  _____)

16          Defendant Welch Foods Inc.'s, second motion to strike and dismiss turns, in large part, on

17  the legal significance of a food labeling violation. Welch takes the position that because merely

18  possessing a mislabeled item would never actually result in criminal punishment, allegations that

19  its products create criminal liability are "scandalous" and must be struck from the complaint.  It

20  further argues that the seventh cause of action must be dismissed because the misbranded goods

21  were still "fit for ordinary use," and the complaint does not allege that the consumers intended to

22  resell them.  Although each of these arguments may resonate with certain notions of common

23  sense, they do not resonate with the law as it now stands.   Having considered the papers and the

24  arguments of counsel, the court DENIES these motions.

25

26

27

28

                                            1

**United States District Court**
For the Northern District of California

# I. BACKGROUND

Welch produces food and beverage products as the "food processing and marketing arm of the National Grape Cooperative Association."[1]  Plaintiffs Elizabeth Park and Carolyn Otto purchased Welch food products, but allege that they only did so because of misleading labels on the products.[2]  They initially filed a class action complaint on December 20, 2012.[3]  Plaintiffs later amended their complaint on two occasions before Welch brought its first motion to dismiss the entire complaint.[4]  The court granted that motion, but offered Plaintiffs leave to amend their complaint again as to certain claims.[5]  Plaintiffs took advantage of that that offer and filed their Third Amended Complaint on October 30, 2013.[6]  Welch now moves to strike any allegations that the purchase of its products may have subjected Plaintiffs to criminal liability and to dismiss Plaintiffs' claim for breach of the implied warranty of merchantability for failure to state a claim.[7]

# II. LEGAL STANDARDS

**A.      Motion to Strike**

Upon motion or on its own, the court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."[8]  The purpose of Rule 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."[9]  The court must view "the pleadings in the light most favorable to the

---

[1] *See id.* at ¶¶ 28-29.

[2] *See id.* at ¶¶ 26-27.

[3] *See id.*

[4] *See* Docket No. 17.

[5] *See* Docket No. 34.

[6] *See* Docket No. 36.

[7] *See* Docket No. 39.

[8] Fed. R. Civ. P. 12(f).

[9] *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)

Case No. 5:12-cv-06449-PSG
ORDER DENYING DEFENDANT'S MOTIONS TO STRIKE AND DISMISS

non-moving party, and the information will not be stricken unless it is evident that it has no bearing upon the subject matter of the litigation."[10]  "Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike."[11]

**B.    Motion to Dismiss**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[12]  If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[13]  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]  Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[15]

On a motion to dismiss, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[16]  The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and

---

[10] *Cal. Dept. of Toxic Substances*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

[11] *In re Walmart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007).

[12] Fed. R. Civ. P. 8(a)(2).

[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[15] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[16] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

Case No. 5:12-cv-06449-PSG
ORDER DENYING DEFENDANT'S MOTIONS TO STRIKE AND DISMISS

matters of which the court may take judicial notice.[17]  However, the court need not accept as true

allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[18]

 "Dismissal with prejudice and without leave to amend is not appropriate unless it is

clear . . . that the complaint could not be saved by amendment."[19]

### III. DISCUSSION

 No allegations in this complaint are sufficiently "redundant, immaterial, impertinent, or

scandalous" to justify striking them.  The allegations regarding criminal liability, if proven by

evidence, are both true and relevant to the harm suffered by Plaintiffs.  Welch may be right in

bewailing the absurdity of a statute that imposes liability of "not more than one year in the county

jail or a fine of not more than one thousand dollars"[20] for *any* violation of *any* provision in *any* part

of the statute regulating misbranded food.  The fact remains, however, that in California, "[i]t is

unlawful for any person to . . . hold or offer for sale any food that is misbranded," and the statute

establishing that is subject to the punishments described above. [21]  That means that Plaintiffs could,

in fact, be arrested and prosecuted for unlawful possession of misbranded goods.  However

unlikely, it is plausible in the *Twombly* and *Iqbal* sense of the word to believe that Plaintiffs may

have acted differently if they were aware of a way to avoid it, thus making the liability relevant to

this case.  This is true even if the contraband at issue is not illegal drugs, [22] but the label on a bottle

of delicious grape juice.  Ironically, Welch's argument that the allegations should be struck because

other consumers may opt not to buy Welch's products if they know of the potential for criminal

---

[17] *See id.* at 1061.

[18] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); s*ee also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement" of a claim will not survive a motion to dismiss).

[19] *Eminence Capital, LLC v. Asopeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[20] Cal. Health & Safety Code § 111825.

[21] Cal. Health & Safety Code § 110760.

[22] *See In re: Steroid Prod. Cases*, 282 Cal.App.4th 145, 157 (2006).

Case No. 5:12-cv-06449-PSG
ORDER DENYING DEFENDANT'S MOTIONS TO STRIKE AND DISMISS

liability speaks to precisely that point.  In light of both their truth and relevance if supported by evidence, Welch's motion to strike any allegations regarding the imposition of criminal liability must be DENIED.

Similarly, although Welch may take issue with the California Commercial Code, it states clearly that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind," and that in order to be merchantable, a product must "[c]onform to the promises or affirmations of fact made on the container or label."[23] A product must also be "fit for the ordinary purposes for which such goods are used" in order to be merchantable, but Section 2314 provides a conjunctive list of requirements for merchantability, not a disjunctive one; if a product fails to meet even one of the requirements set forth in that section, it is not merchantable.[24] Here, Plaintiffs allege that Welch is a merchant with respect to food stuffs,[25] that Plaintiffs purchased food stuffs they had sold,[26] and that the food stuffs do not conform with the promises and affirmations of fact made on the label.[27]  If each of these allegations is proved up through discovery, Plaintiffs will have established a breach of the warranty of merchantability.[28] Welch's motion to dismiss the seventh cause of action therefore also is DENIED.

---

[23] Cal. Com. Code § 2314.

[24] *See id.*

[25] *See* Docket No. 36 at ¶¶ 15-17.

[26] *See id.* at ¶¶ 13-14.

[27] *See id.* at ¶¶44-49.

[28] The Ninth Circuit has recognized that ordinary, end-of-line consumers may bring claims for breaches of the implied warranty of merchantability.  *See Weinstein v. Saturn Corp.*, 303 F. App'x 424, 426 (9th Cir. 2008).  Because the breach of the warranty of merchantability claim is not contingent on Plaintiffs' intent to resell the products, and both parties agree that privity is not required to find a cause of action when the person invoking the warranty is a consumer, the court need not reach the question of Plaintiffs' status as to resellers.  *See* Docket No. 44 at 10; Docket No. 42 at 14.

Case No. 5:12-cv-06449-PSG
ORDER DENYING DEFENDANT'S MOTIONS TO STRIKE AND DISMISS

United States District Court
For the Northern District of California

**IT IS SO ORDERED.**

Dated: March 21, 2014

PAUL S. GREWAL
United States Magistrate Judge

Case No. 5:12-cv-06449-PSG
ORDER DENYING DEFENDANT'S MOTIONS TO STRIKE AND DISMISS