**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH PARK, ET AL. | Case No. 5:12-cv-06449-PSG |
| Plaintiffs, | **ORDER GRANTING MOTION TO STAY** |
| v. | **(Re:  Docket No. 75)** |
| WELCH FOODS INC., | |
| Defendant. | |

Plaintiffs Elizabeth Park and Carolyn Otto, individually and on behalf of all others similarly situated, and Defendant Welch Foods, Inc. jointly move to stay this case pending resolution of the appeals of *Brazil v. Dole Food Company, Inc., et al.*,[1] *Jones v. ConAgra Foods, Inc.*[2] and *Kosta v. Del Monte Foods, Inc.*[3]  The stay is GRANTED and all currently scheduled hearings in this case are vacated.

---

[1] Case No. 14-17480 (9th Cir. filed Dec. 17, 2014).

[2] Case No. 14-16327 (9th Cir. filed July 15, 2014).

[3] Case No. 15-16974 (9th Cir. filed Oct. 2, 2015).

Case No. 5:12-cv-06449-PSG
ORDER GRANTING MOTION TO STAY

United States District Court
For the Northern District of California

## I.

Plaintiffs challenge various labels on Welch Foods' products as misleading[4] and seek class certification of

> All persons in the State of California who, from December 20, 2008 until the date of class notice, who purchased one or more of the following Welch Food, Inc., products:
>
> - Welch's 100% Fruit Juices
> - Welch's Natural Spreads[5]

Plaintiffs' motion for class certification is fully briefed,[6] as is Welch Foods' motion for partial summary judgment.  Both motions are scheduled to be heard on October 28, 2015.[7]  However, three cases currently on appeal before the Ninth Circuit raise issues that may affect certification in this case, and so the parties jointly move to stay pending resolution of those appeals.  *Brazil* raises issues of the appropriate damages model;[8] *Jones* addresses Rule 23's ascertainability and predominance requirements, standing requirements under California's UCL, FAL, and CLRA, and the appropriate damages theory;[9] and *Kosta* also involves questions of ascertainability and materiality.[10]

## II.

The court has subject matter jurisdiction under 28 U.S.C. § 1332(d).  The parties consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[11]

---

[4] *See* Docket No. 36 at 1.

[5] *See* Docket No. 57 at ii.

[6] *See* Docket Nos. 57, 62, 66.

[7] *See* Docket Nos. 63, 72, 73.

[8] *See* Case No. 14-17480 (9th Cir. filed Dec. 17, 2014).

[9] *See* Case No. 14-16327 (9th Cir. filed July 15, 2014).

[10] *See* Case No. 15-16974 (9th Cir. filed Oct. 2, 2015).

[11] *See* Docket Nos. 28, 29.

2

Case No. 5:12-cv-06449-PSG
ORDER GRANTING MOTION TO STAY

1    "In considering whether a stay is appropriate, the Court should weigh three factors: [1] the

2    possible damage which may result from the granting of a stay, [2] the hardship or inequity which a

3    party may suffer in being required to go forward, and [3] the orderly course of justice measured in

4    terms of the simplifying or complicating of issues, proof, and questions of law which could be

5    expected to result from a stay."[12]

### III.

7    Applying the standard as set out above, the stay is granted as follows.

8    ***First***, little or no possible damage will result from granting the stay, which the parties

9    jointly request.  In contrast, the parties might suffer hardship if required to proceed with their case.

10   The parties would expend significant time and resources arguing the class certification and

11   summary judgment motions, which will be wasted effort if the Ninth Circuit's rulings change the

12   requirements for class certification, standing, and damages in food labeling class actions.  For

13   example, the parties likely would have to redo depositions and class certification briefing.

14   Similarly, a stay would promote the orderly course of justice.  Welch Foods raised issues of

15   ascertainability, materiality, and predominance and challenged Plaintiffs' damages theory in

16   opposing class certification,[13] and all of these issues are raised by the *Brazil*, *Jones*, and *Kosta*

17   appeals.  Given the overlap between the issues in those cases and this case, "guidance from the

18   Ninth Circuit will aid in the orderly, just resolution of this case."[14]  All three factors favor a stay.

### IV.

20   The parties' motion to stay the case is GRANTED.

**United States District Court**
For the Northern District of California

---

[12] *Gustavson v. Mars, Inc.*, Case No. 13-cv-04537-LHK, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014) (internal quotation marks and citation omitted) (brackets in original).

[13] *See* Docket No. 75 at 6.

[14] *Leonhart v. Nature's Path Foods, Inc.*, Case No. 5:13-cv-00492-BLF, 2015 U.S. Dist. LEXIS 73269, at *11 (N.D. Cal. June 5, 2015).

Case No. 5:12-cv-06449-PSG
ORDER GRANTING MOTION TO STAY

**SO ORDERED.**

Dated: October 22, 2015

PAUL S. GREWAL
United States Magistrate Judge

Case No. 5:12-cv-06449-PSG
ORDER GRANTING MOTION TO STAY